IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JERRICK ATKINSON, | : |
| | : |
| Plaintiff, | : |
| | : |
| VS. | : |
| | : CIVIL No: 5:14-CV-0294-MTT-MSH |
| Commissioner BRIAN OWENS, *et al.,* | : |
| | : |
| Defendants. | : |

_____

**ORDER & RECOMMENDATION**

Plaintiff Jerrick Atkinson, an inmate currently confined at Macon State Prison in Oglethorpe, Georgia, filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983.  Plaintiff requests leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  Because Plaintiff's submissions show that he is currently unable to pre-pay the $350.00 filing fee, his Motion to Proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.  *See* 28 U.S.C. § 1915(b).  This does not mean that the filing fee is waived, however.  Plaintiff is still required to pay the full amount of the filing fee using the payment plan as ordered herein.

The undersigned has also conducted a preliminary review of Plaintiff's Complaint and will allow his Eighth Amendment claim against Officer Brandon Thomas to go forward.  It is **RECOMMENDED** that all other claims and parties be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

**STANDARD OF REVIEW**

When conducting a preliminary screening pursuant to 28 U.S.C. § 1915A(a), the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed" by the court. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, a prisoner's pleading is still subject to dismissal prior to service if the court finds that the complaint—when viewed liberally and in the light most favorable to the plaintiff—is frivolous or malicious, seeks relief from an immune defendant, or otherwise fails to state a claim. *See* 28 U.S.C. § 1915A(b).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The allegations in the complaint must also do more than "merely create[] a suspicion [of] a legally cognizable right of action." *Id.* at 555. "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements [also] do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). To survive preliminary review, a complaint must "raise the right to relief above the speculative level" by alleging facts which create "a reasonable expectation" that discovery will reveal the evidence necessary to prove a claim. *See Twombly*, 550 U.S. at 555-556.

**PRELIMINARY REVIEW**

The present action arises out an alleged use of excessive force at Macon State Prison

(MSP).  According to the Complaint (ECF No. 1), Plaintiff arrived at MSP after undergoing shoulder surgery on September 17, 2013.  During intake, Officer Carol Fowler[1] directed Plaintiff to remove his shoes, and he apparently refused.  Officer Fowler then called the prison's "CERT Team" for assistance.  Officer Brandon Thomas responded and immediately grabbed Plaintiff by the shoulders.  Plaintiff then advised Thomas of his recent surgery.  Thomas nonetheless "slammed Plaintiff on the floor," injuring his surgical wound and causing Plaintiff to suffer "extreme pain."  Plaintiff alleges that he was wearing a shoulder sling, waist chain, and leg irons at the time.

Following this incident, Plaintiff filed a grievance with prison officials and received a formal response notifying him the matter had been forwarded to the "Internal Investigations Unit."  *See* Ex. C at 2 (ECF No. 1-3).  His grievance was closed, and the decision to forward the grievance to the Investigation Unit is not appealable.  *Id.* Plaintiff has now brought this action against Officer Thomas, Officer Fowler, Warden McLaughlin, and Commissioner Brian Owens.

## I.   Claims Against Officer Thomas

Plaintiff's allegations, when read in his favor, are sufficient to state an Eighth Amendment claim against Officer Brandon Thomas for excessive force.  In his statement of "Legal Claims," however, Plaintiff also alleges that Officer Thomas violated his Fourth and Fourteenth Amendment rights by taking away his property (presumably his shoes) without fair procedures.

---

[1] In his original complaint, Plaintiff misidentified this defendant as "Sargent" Carol Fowler. Plaintiff has since moved to amend his Complaint and now identifies her as "Officer" Carol Fowler.  Plaintiff's Motion to Amend (ECF No. 1-6) is **GRANTED**.

Plaintiff's reliance on the Fourth Amendment in this case is misplaced. Prisoners have no Fourth Amendment protection against unreasonable seizure while incarcerated. *Hudson v. Palmer*, 468 U.S. 517, 525–26 (1984).

The Due Process Clause of the Fourteenth Amendment is likewise not offended when a prison official deprives an inmate of his personal property if the State makes available a meaningful post-deprivation remedy. *Id*. at 533. The State of Georgia provides Plaintiff an adequate post-deprivation remedy for the loss of his property. *See* O.C.G.A. §§ 51-10-1 through 51-10-6; *see also Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991) (finding no due process violation because Georgia "has provided an adequate post deprivation remedy" in O.C.G.A. § 51-10-1). Thus, even if Officer Thomas did wrongfully seize Plaintiff's shoes, the seizure is not grounds for a due process claim.

It is accordingly **RECOMMENDED** that Plaintiff's Fourth and Fourteenth Amendment claims against Officer Thomas be **DISMISSED** for failure to state a claim.

**II.    Claims against Officer Fowler**

For the same reasons discussed above, the allegations in Plaintiff's Complaint fail to state Fourth and Fourteenth Amendment claims against Officer Carol Fowler. Neither the Fourth Amendment nor due process was offended by her taking of Plaintiff's shoes. *See Hudson*, 468 U.S. at 525-26, 533. Any attempted Eighth Amendment claim against Officer Fowler also fails. In his Complaint, Plaintiff only alleges that Officer Fowler called the CERT Team to respond after he refused to remove his shoes. The mere act of requesting assistance from the CERT Team does not violate any constitutional right.

It is thus **RECOMMENDED** that Plaintiff's claims against Officer Fowler be

**DISMISSED**.

### III.   Claims Warden McLaughlin

Plaintiff's Complaint next alleges that Defendant Warden McLaughlin acted with "deliberate indifference" to Plaintiff's medical needs when he placed him in segregation following this incident.  To prove an Eighth Amendment claim for inadequate medical care, a plaintiff must show (1) that his medical need was serious; and (2) that the defendant acted with deliberate indifference to this need.   *Wilson v. Seiter*, 501 U.S. 294, 297 (1991).

Here, even assuming that Plaintiff required some type of post-operative treatment or repair after the incident (and that the need for this treatment qualifies as a "serious medical need" under the Eighth Amendment), Plaintiff's Complaint fails to describe any actual denial of medical care.   Plaintiff likewise fails to allege any facts suggesting that Warden McLaughlin knew Plaintiff was at risk of serious harm or that his conduct was more than mere negligence.   See *Cagle v. Sutherland*, 334 F.3d 980, 987 (11th Cir. 2003).   It is thus **RECOMMENDED** that Plaintiff's claims against Warden McLaughlin be **DISMISSED**.

### IV.   Claims against Commissioner Brian Owens

Finally, in the Complaint, Plaintiff states that Commissioner Owens is "responsible for every employee employed by the Georgia Department of Corrections" and that he can thereby be held "liable for their actions."   Compl. 7.   It is thus clear from the allegations in the Complaint that Plaintiff attempts to hold Commissioner Brian Owens responsible for the alleged wrongdoings of his subordinates under a theory of *respondeat superior* or vicarious liability.   *See* Compl. ¶ 19.   There is no such liability under § 1983.   *See Miller v. King*, 384 F.3d 1248, 1261 (11th Cir. 2004).   To state a claim against a supervisory

official, a prisoner must allege facts showing either (1) that the supervisory official personally participated in the alleged constitutional violation or (2) that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. *H.C. by Hewett v. Jarrard*, 786 F.2d 1080, 1086-87 (11th Cir. 1986). Plaintiff's Complaint does not allege any such facts.

Plaintiff likewise fails to state a claim for injunctive relief. The Complaint prays for a "preliminary and permanent injunction" ordering Commissioner Owens (and other prison officials) to terminate the employment of Brandon Thomas and Carol Fowler or to demote these officers from their current rank. Compl. 8. Even if Plaintiff could prevail in his claims against these defendants, this Court has no authority under § 1983 to order the demotion or termination of an officer's employment. *See Bush v. Camp*, No. 1:11-CV-64, 2011 WL 2457909 at * 2 n.1 (M.D.Ga. May 23, 2011).

It is accordingly **RECOMMENDED** that Commissioner Owens and Plaintiff's claims for injunctive relief be **DISMISSED** from this action.

## CONCLUSION

After liberally construing Plaintiff's Complaint and viewing all factual allegations in his favor, the undersigned finds that Plaintiff's claim against Officer Brandon Thomas should be allowed to go forward for further factual development. It is **RECOMMENDED**, however, that all other claims and parties, as discussed herein, be **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim. Plaintiff may serve and file written objections to these recommendations with the district judge to whom this case is assigned within fourteen days after being served a copy

of this Order. 28 U.S.C. § 636(b)(1).

## ORDER FOR SERVICE

It is thus **ORDERED** that service be made on Officer Brandon Thomas and that he file an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is also reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and

correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise

granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court. This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party is required to respond to any request which exceed these limitations.

**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

**IT IS ORDERED AND DIRECTED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.   In addition, Plaintiff's Complaint is

subject to dismissal if he has the ability to make monthly payments and fails to do so.

SO ORDERED and RECOMMENDED, this 19th day of August, 2014.

S/ Stephen Hyles<br>
UNITED STATES MAGISTRATE JUDGE