IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JERRICK ATKINSON, | : |
| | : |
| Plaintiff, | : |
| | : |
| VS. | : |
| | : CIVIL No: 5:14-CV-0294-MTT-MSH |
| Officer BRANDON THOMAS, | : |
| | : |
| Defendant. | : |

## REPORT & RECOMMENDATION

Presently pending before the court are Defendant's Motion for Summary Judgment (ECF No. 18) and Plaintiff's Motions to Appoint Counsel (ECF Nos. 14, 23). For the reasons explained below, it is recommended that Defendant's motion be granted and Plaintiff's motions be denied as moot.

## BACKGROUND

The present action arises out an alleged use of excessive force at Macon State Prison (MSP). According to the Complaint (ECF No. 1), Plaintiff arrived at MSP after undergoing shoulder surgery on September 17, 2013. During intake, Officer Carol Fowler[1] directed Plaintiff to remove his shoes, and he refused. Officer Fowler then called the prison's "CERT Team" for assistance. Officer Brandon Thomas responded and immediately grabbed Plaintiff by the shoulders. Plaintiff then advised Thomas of his recent surgery. Thomas nonetheless "slammed Plaintiff on the floor," injuring his

---

[1] In his original complaint, Plaintiff misidentified this defendant as "Sgt." Carol Fowler. Plaintiff has since amended his Complaint and now identifies her as "Officer" Carol Fowler.

surgical wound and causing Plaintiff to suffer "extreme pain." Plaintiff alleges that he was wearing a shoulder sling, waist chain, and leg irons at the time.

Following this incident, Plaintiff filed a grievance with prison officials and received a formal response notifying him that the matter had been forwarded to the "Internal Investigations Unit." *See* Compl. Ex. C at 2, ECF No. 1-3. His grievance was closed and the decision to forward the grievance to the Investigation Unit is not appealable. *Id.* Plaintiff consequently brought this action against Officer Thomas.

## DISCUSSION

### I. Defendant's Motion for Summary Judgment

#### A. Summary Judgment Standard

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

#### B. Analysis of Defendant's Motion

Defendant contends that the uncontested facts show that no Eighth Amendment violation occurred here. The Eighth Amendment's prohibition of cruel and unusual

punishment governs prison officials' use of force against inmates. *Campbell v. Sikes*, 169 F.3d 1353, 1374 (11th Cir. 1999). Whether an Eighth Amendment constitutional violation occurred "ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline[,] or [whether force was applied] maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (internal quotation marks and citation omitted). In order to determine if force was used "maliciously and sadistically to cause harm," the Court looks to: "(1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them." *Campbell*, 169 F.3d at 1375 (internal quotation marks and citation omitted). "When considering these factors, we give a wide range of deference to prison officials acting to preserve discipline and security[.]" *Fennell v. Gilstrap*, 559 F.3d 1212, 1217 (11th Cir. 2009) (internal quotation marks and citation omitted). "[N]ot every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins v. Gaddy*, 599 U.S. 34, 57 (2010). "[A] prisoner may avoid summary judgment only if the evidence viewed in the light most favorable to him goes beyond a mere dispute over the reasonableness of the force used and will support a reliable inference of wantonness in the infliction of pain." *Ledlow v. Givens*, 500 F. App'x 910, 913 (11th Cir. 2012) (internal quotation marks and citation omitted).

Consideration of the factors above establishes that Plaintiff was not subject to excessive force. Concerning the first factor, Plaintiff admits that he only suffered mild

3

displacement of his post-surgical staples and minor bleeding.  Pl.'s Dep. 28:6-20, ECF No. 18-3.  Nurse Frazier, who examined Plaintiff in medical, did not document any injuries, bleeding, or dislodgement of the staples in Plaintiff's shoulder.  Frazier Decl. ¶¶ 6-10; Ex. 1, ECF No. 18-7.  This factor weighs against a finding of excessive force.

The need for the application of force, the second factor for consideration, is justified by both sides of the record.  Plaintiff admits that when Defendant grabbed his shoulder he flinched in a manner where he "moved away from [Defendant's] grip."  Pl.'s Dep. at 25:7-11.  Defendant was concerned that Plaintiff was refusing to submit to his authority following his confrontation with Officer Fowler.  Thomas Decl. ¶¶ 6, 9-10.  Some application of force is reasonable when an officer is acting within his duty to maintain order in a prison.  *See, e.g., Ledlow*, 500 F. App'x at 912-13.  Therefore, this factor weighs against a finding of excessive force.

Third, the Court considers the relationship between the need for force and the amount of force used.  Plaintiff stated that he informed Defendant that he had recently returned from surgery on his shoulder, wore a sling, and was shackled when Defendant "slung him to the ground."  Pl.'s Dep. at 17:1-3, 26:6-14.  Plaintiff testified that after Defendant grabbed his shoulder, Plaintiff flinched and told Defendant he had "just had surgery on [his] shoulder."  Pl.'s Dep. at 24:18-20.  After Plaintiff flinched, Defendant "had his left hand on [Plaintiff's] back . . . put more pressure on his back against the wall . . . [a]nd grabbed the back of [Plaintiff's] shirt and slung him to the ground."  *Id.* at 25:16-21.  Plaintiff affirmed that Defendant did not punch, slap, or kick him at any time.  *Id.* at 26:23-25.  Defendant states that he perceived Plaintiff's gesture as aggressive, and

4

moved him to the floor until a camera could arrive to document the situation. Thomas Decl. ¶¶ 10-12. After Plaintiff told Defendant that he "slammed" Plaintiff on his injured shoulder, Defendant appeared to show regret and helped him up. Pl.'s Dep. at 26:12-17; Def.'s Ex. 1, ECF No. 19. Here, the measure of force applied is clearly not malevolent in nature or unreasonable.

However, the parties characterize the use of force differently. Plaintiff states that Defendant "slammed" him to the ground. Pl.'s Dep. 24:18-24, 25:12-23. Defendant states that he "moved" Plaintiff to the ground. Thomas Decl. ¶ 11. The parties agree that Plaintiff was forcibly taken to the ground in response to a perceived security threat. Plaintiff's mild injuries do not support his characterization of the amount of force; however, on a motion for summary judgment, the Court construes the facts in favor of the non-moving party. *See Anderson*, 477 U.S. at 255. Accordingly, the Court weighs this factor in favor of the Plaintiff.

Fourth, the parties agree that Defendant attempted to temper the severity of the force used. Plaintiff admits that Defendant helped him up off of the ground and took him to medical once he realized Plaintiff had a pre-existing shoulder injury. *Id.* at 26:18-22, 27:15-17. Defendant agrees that after a camera arrived to document the situation, he assisted Plaintiff to his feet and took him to get medical care. Thomas Decl. ¶ 13. The uncontested facts here support weighing this factor against a finding of excessive force.

Lastly, it is uncontested that Officer Fowler perceived Plaintiff to be a threat to the security of Macon State Prison when Plaintiff refused to remove his shoes. Fowler Decl. ¶¶ 9-11. Plaintiff admits that he declined to comply with Officer Fowler's order. Pl.'s

5

Dep. 21:6-15. Defendant responded to the threat as prompted by Officer Fowler, and states his actions were justified to neutralize a potential security concern. *See generally,* Thomas Decl. Plaintiff does not contradict this testimony. The court gives "a wide range of deference to prison officers acting to preserve discipline and security, including when considering decisions made at the scene of a disturbance." *Cockrell v. Sparks*, 510 F.3d 1307, 1311 (11th Cir. 2007). This factor likewise weighs against a finding of excessive force.

Considering the above factors, it is clear that the incident involving Plaintiff and Defendant did not give rise to an Eighth Amendment violation. At most, the amount of force used here could be considered unnecessary. "Force[, however,] does not violate the Eighth Amendment merely because it is unreasonable or unnecessary." *Campbell*, 169 F.3d at 1374. Additionally, while Plaintiff experienced some pain and discomfort during the altercation with Defendant, "the infliction of pain in the course of a prison security measure . . . does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable" or unnecessary. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986). Consequently, it is recommended that Defendant's Motion for Summary Judgment be granted.

## II.   Plaintiff's Motions to Appoint

Plaintiff moves for appointment of counsel (ECF Nos. 14, 23). As is explained in detail above, the uncontested facts show that no constitutional violation occurred in this

case, and it is recommended that Defendant's Motion for Summary Judgment be granted. It is consequently recommended that Plaintiff's motions to appoint be denied as moot.

## CONCLUSION

It is therefore recommended that Defendant's Motion for Summary Judgment (ECF No. 18) be granted, and Plaintiff's Motions to Appoint Counsel (ECF Nos. 14, 23) be denied as moot. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 2nd day of July, 2015.

S/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE