IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JERRICK ATKINSON, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:14-CV-294 (MTT) |
| BRANDON THOMAS, | ) |
| Defendant. | ) |

## ORDER

United States Magistrate Judge Stephen Hyles recommends granting Defendant Brandon Thomas's motion for summary judgment (Doc. 18) and denying the Plaintiff's motions to appoint counsel (Docs. 14; 23) as moot.  (Doc. 28).  The Magistrate Judge makes this recommendation because he concludes the evidence viewed in the light most favorable to the Plaintiff does not create a genuine issue of material fact that the Defendant used malicious and sadistic force in violation of the Eighth Amendment.  The Plaintiff has objected to the Recommendation, and the Defendant has responded to this objection.  (Docs. 29; 30).  Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the Plaintiff's objection and has made a de novo determination of the portions of the Recommendation to which the Plaintiff objects.

In his objection, the Plaintiff argues a genuine of issue of fact exists whether the Defendant used excessive force in violation of the Eighth Amendment when he slammed the Plaintiff onto the ground.  The Plaintiff was in waist-chains and leg irons and just had shoulder surgery when the incident occurred.  In determining whether there

was a factual issue, the Magistrate Judge considered the five factors discussed in

*Campbell v. Sikes*:

> (1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them.

169 F.3d 1353, 1374 (11th Cir. 1999) (citations and internal quotation marks omitted). The Magistrate Judge concluded that while the use of force factor weighs in favor of the Plaintiff, the remaining factors do not. *See id.* ("Force does not violate the Eighth Amendment merely because it is unreasonable or unnecessary."). Specifically, the Plaintiff suffered minor injuries and bleeding. The Defendant perceived a need for force given the Plaintiff "moved away from [the Defendant's] grip" after the Plaintiff had just refused to submit to another officer's orders.[1] The Parties agree the Defendant took the Plaintiff to medical after he realized the Plaintiff had a pre-existing shoulder injury. Given the above, the Court agrees there is no genuine issue of fact whether the Defendant's use of force violated the Eighth Amendment. Accordingly, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Defendant's motion for summary judgment is **GRANTED**. The Plaintiff's motions for the appointment of counsel are **DENIED** as moot. (Docs. 14; 23).

    **SO ORDERED**, this 10th day of August, 2015.

                                                  S/ Marc T. Treadwell
                                                  MARC T. TREADWELL, JUDGE
                                                  UNITED STATES DISTRICT COURT

---

[1] "[The} Plaintiff admits that he declined to comply with Officer Fowler's orders." (Doc. 28 at 5).