# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| JERRICK ATKINSON, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:14-CV-294 (MTT) |
| BRANDON THOMAS, | ) |
| Defendant. | ) |

## ORDER

Before the Court is the Plaintiff's motion to appoint counsel. Doc. 45. The motion is **DENIED**.

"Appointment of counsel in a civil case is not a constitutional right." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) (citation omitted). Rather, "[i]t is a privilege that is justified only by exceptional circumstances." *Id.* (citation omitted); *see also Smith v. Fla. Dep't Corr.*, 713 F.3d 1059, 1063 (11th Cir. 2013) ("[W]hether such circumstances exist is committed to the district court's discretion." (internal citation omitted)). In exercising its discretion regarding whether to appoint counsel for an indigent party, the district court considers factors such as the complexity of the facts and legal claims. *See Bass v. Perin*, 170 F.3d 1312, 1320 (11th Cir. 1999) (holding that the district court did not abuse its discretion in refusing to appoint counsel in a § 1983 case with undisputed core facts and straightforward legal claims).

In this case, the Plaintiff alleges that the Defendant used unconstitutional excessive force against the Plaintiff by slamming the Plaintiff to the ground soon after

the Plaintiff had surgery. Doc. 28 at 1-2; *see generally* Doc. 1 (complaint); *see generally* Doc. 9 (dismissing all claims except for the Plaintiff's Eighth Amendment claim against the Defendant). The Plaintiff argues that he needs appointed counsel because his imprisonment limits his ability to conduct the necessary "significant research and investigation," and appointed counsel "would better enable Plaintiff to present evidence and cross examine witnesses." Doc. 45 at 1-2. The Plaintiff specifically requests the attorneys appointed by the Eleventh Circuit to represent the Plaintiff on appeal. *Id.* at 2. But the Court finds that the Plaintiff's straightforward § 1983 claim is neither factually nor legally complex. *See Wahl*, 773 F.2d at 1174 (finding no exceptional circumstances where essential facts and legal issues were clear); *cf. Smith*, 713 F.3d at 1065 (holding that factors such as (1) the presence of allegations not personally experienced by the plaintiff, (2) discovery issues and suspect conduct of the defendants, and (3) security concerns complicating the plaintiff's ability to interview other inmates, "in the aggregate," presented exceptional circumstances necessitating the appointment of counsel).

Because the Plaintiff has not shown the existence of exceptional circumstances necessary to justify the appointment of counsel, the Plaintiff's motion to appoint counsel (Doc. 45) is **DENIED**.

**SO ORDERED**, this 22nd day of June, 2017.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT